1

**IN THE UNITED STATES DISTRICT COURT**

2

**FOR THE DISTRICT OF PUERTO RICO**

3

4       **RENNIE WLOCZUK, et al.**

5           **Plaintiffs,**

6             **v.**                                    **Civil No. 09-1767 (GAG)**

7       **P.J. ROSALY ENTERPRISES, INC., et al.**

8           **Defendants.**

9

10                              <u>**OPINION AND ORDER**</u>

11          Plaintiff in this matter, Rennie Wloczuk ("Plaintiff") commenced this action against P.J

12   Rosaly Enterprises, Inc. and its directing officers (collectively "Defendants") after not being offered

13   a permanent employment position.  Plaintiff alleges that Defendants' hiring decision was motivated

14   by discrimination in direct violation of the American with Disabilities Act ("ADA"), 42 U.S.C. §§

15   12101 et seq.  This matter is currently before the court on the defendants' motion for summary

16   judgment (Docket No. 74).  Plaintiff filed an opposition (Docket No. 84).  With leave of the court,

17   defendant filed a brief in reply (Docket No. 101).  After reviewing the pleadings and pertinent law,

18   the court **GRANTS** the defendants' motion for summary judgment.

19   **I.      Standard of Review**

20          Summary judgment is appropriate when "the pleadings, depositions, answers to

21   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

22   genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

23   of law."  Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  "An issue is

24   genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it

25   'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" <u>Iverson</u>

26   <u>v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted).  The

27   moving party bears the initial burden of demonstrating the lack of evidence to support the non-

28

**Civil No. 09-1767(GAG)**                           2

moving party's case.  Celotex, 477 U.S. at 325.  The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences.  Id. at 255.  Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation."  Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

In disputes involving questions of motive or intent, the movant's burden is particularly rigorous.  Unsettled issues regarding motive and intent will often preclude summary judgment.  See Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988).  Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera, 440 F.3d at 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).  The court should deny summary judgment when the non-moving party "can point to specific facts detailed in affidavits and depositions - that is, names, dates, incidents, and supporting testimony - giving rise to an inference of discriminatory animus."  Lipsett, 864 F.2d at 895.

**II.     Relevant Factual & Procedural Background**

P.J. Rosaly Enterprises, Inc. d/b/a Islandwide Express ("P.J.") is a company dedicated to the pick-up and delivery of bank valises and packages throughout the island.  P.J. had a contract with a temporary services agency, Caribbean Temporary Services ("CTS") to provide them with temporary employees.

**Civil No. 09-1767(GAG)**                     3

In 2005, P.J. became a unionized employer and in December 2006 signed a collective bargaining agreement with the employees' exclusive bargaining representative, Union de Tronquistas ("the Union").  As part of the negotiations, P.J. agreed  to no longer use temporary employees for the duties covered by the bargaining unit.  P.J. agreed to select a number of temporary employees and offer them positions as a permanent employees.  On December 5, 2006, P.J. and the Union entered a stipulation reflecting this agreement.  The stipulation provided that P.J. would have a maximum of ninety days to evaluate its temporary employees and hire them into permanent positions.  In February 2007, as a result of this stipulation, P.J. notified CTS that it was not renewing the temporary employment services agreement.   P.J. also cancelled all of its other temporary employment services contracts with different agencies.

Plaintiff was a temporary employee of CTS.  In March 2006, Plaintiff was assigned by CTS to work with P.J.  He worked as a warehouse specialist in P.J.'s Ponce facilities.  Plaintiff's position was included in the bargaining unit represented by the Union.  While he was assigned to P.J., CTS had renewed Plaintiff's temporary contracts on a monthly basis.  CTS was also responsible for paying his salary for the services he provided to P.J.  During 2006-2007, Plaintiff signed at least eight contract renewals with CTS, however he never signed an employment contract with P.J.

On February 16, 2007 P.J. informed the temporary employees, including Plaintiff, that they could apply for permanent positions by providing necessary documentation to the Human Resource Department before February 23, 2007.  However, Plaintiff contends that he was informed by his supervisor that the deadline to submit these documents had been extended by three months**.**  Plaintiff submitted all of the required documents except for his high school diploma to manager Hiram Miranda.  Miranda did not accept the submissions and indicated that all of the documents had to be submitted.

Plaintiff was hospitalized between February 23 and February 27, 2010 when he began exhibiting symptoms of muscle pain, fever, headaches, urinary pain and itching legs.  While receiving medical treatment for his condition Plaintiff was able to see, hear, speak, eat, and sit.  Upon his release, Plaintiff was given a medical certificate.  While the certificate did not state a

**Civil No. 09-1767(GAG)**                        4

diagnosis, Plaintiff alleges that he suffered from hepatitis.

On February 28, 2010, Plaintiff was informed of his contract cancellation by a CTS officer named Jeanette Ortiz.  On the same date, Plaintiff informed his supervisor Carlos Torres Lao of his hospitalization and diagnosis.  Torres Lao informed Hiram Miranda that Plaintiff was absent from work due to sickness and that he would submit a medical certificate excusing his absence.  Plaintiff contends that after informing on his condition, two representatives from the Union, Eric Santos and Radames Gonzalez, told him that Hiram Miranda had stated that he had not hired Plaintiff because he "got sick a lot."

**III.    Legal Analysis**

    **A.    ADA Claim**

The ADA prohibits discrimination against a qualified individual with a disability by reason of the individual's disability in all employment practices. 42 U.S.C §12112(a); Sutton v. United Air Lines, Inc., 527 U.S. 471, 475 (1999).  To prove an ADA claim, a plaintiff must establish: (1) that he suffered from a "disability" within the meaning of the ADA; (2) that he was able to perform the essential functions of the job, either with or without reasonable accommodation; and (3) that his employer discharged him in whole or in part because of that disability.  Tardie v. Rehabilitation Hosp. of R.I., 168 F.3d 538, 541 (citations omitted).  The regulations governing the ADA define "disability" as: (1) having a physical or mental impairment which substantially limits one or more of an individual's major life activities; (2) having a record of such an impairment; or (3) being regarded as having such an impairment.  See id. (citing 42 U.S.C. § 12102 (2); 29 C.F.R. § 1630.2 (g)).  Under the "regarded as" prong, "[a]n individual who has an impairment that is not substantially limiting is nevertheless 'disabled' if [he/she] is treated by their employer as having an impairment that does substantially limit major life activities."  Id. (citing 29 C.F.R. § 1630.2 (l)).  "[T]he Supreme Court has implied that regarded as' claims under the ADA require an even greater level of specificity than other claims.  Ruiz Rivera v. Pfizer Pharms, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (citing Sutton, 527 U.S. at 489-91). "In order to allege an actionable regarded as claim, a plaintiff must *select and identify* the major life activity that she will attempt to prove the employer regarded

**Civil No. 09-1767(GAG)**                    5

as being substantially limited by her impairment." Id. (citing Sutton, 527 U.S. 491) (emphasis added).

Defendants contend that Plaintiff is unable to establish his claim under the ADA as a matter of law, because he cannot demonstrate that he was regarded as having an impairment that substantially limits a major life activity. (See Docket No. 74-18 at 4-7.) Plaintiff contests this assertion, claiming that Defendants' regarded him as "disabled" under the ADA because of their belief that he "got sick a lot." (See Docket No. 85-1 at 8 ¶ 12.)

Throughout his submissions to the court, Plaintiff does not specifically articulate the major life activity which his employer allegedly regarded as being substantially limited. Failure to specify this key component is sufficient alone to dismiss Plaintiff's claim. See Ruiz-Rivera, 521 F.3d at 84 (requiring higher level of specificity for "regarded as" claims); see also Castro-Medina v. Procter & Gamble Commercial Co., 565 F. Supp. 2d 343, 366 (D.P.R. 2008) (dismissing "regarded as" claim for failing to allege specific life activity employer regarded as impaired). From the court's review of the record, it assumes that Plaintiff is referring to the major life activity of "working."[1] However, even assuming that the decision-maker decided not to hire Plaintiff on the belief that he "got sick a lot," such evidence does not satisfy Plaintiff's burden under a "regarded as" claim. See Lessard v. Osram Sylvania, Inc., 175 F.3d 193, 198 (1st Cir. 1999) (quoting Tardie, 168 F.3d at 542 ("[T]he fact that appellees may have regarded [plaintiff] as . . . unable to perform her particular job, does not mean that appellees regarded her as being substantially limited in the major life activity of working.") (internal quotations omitted). The record is devoid of any evidence demonstrating that any of Plaintiff's employers, let alone the decision-maker, regarded Plaintiff as unfit for a broad range of jobs. "Since [Plaintiff] adduces no evidence that his employer thought that he was unfit

---

[1] Although the Supreme Court has not definitively ruled on whether "working" constitutes a major life activity under the ADA, see Sutton, 527 U.S. at 492, the First Circuit has assumed that it does in applying the EEOC framework when considering claims under the ADA. See Guzman-Rosario v. United Parcel Serv. Inc., 397 F.3d 6, 11 (1st Cir. 2005). In "[s]o doing [the court has] required claimants to show that they were precluded from more than the performance of a particular job." Id. (citing Carroll v. Xerox Corp., 294 F.3d 231, 240 (1st Cir. 2002).

**Civil No. 09-1767(GAG)**                    6

for either a class or a broad range of jobs, his 'regarded as' claim of disability must fail." Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1170 (1st Cir. 2002); see also Sheehan v. City of Gloucester, 321 F.3d 21, 25-6) (1st Cir. 2003) (affirming dismissal of "regarded as" claim because plaintiff failed to demonstrate that his employer believed his "regarded as disability" rendered him unable to perform a broad range of jobs).  As Plaintiff does not meet the first element of an ADA claim, the court sees no reason to continue to the second and third elements.  Accordingly , the court **GRANTS** Defendants' motion for summary judgment (Docket No. 74) and **DISMISSES** Plaintiff's ADA claim.

**IV.     Conclusion**

For the foregoing reasons, the court **GRANTS** Defendants' motion for summary judgment and **DISMISSES** Plaintiff's claim under the ADA.


**SO ORDERED**

In San Juan, Puerto Rico this 16th day of December, 2010.


*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge